concurs in judgment only, saying:
While I agree with the result reached in the instant case, I must respectfully affirm on different grounds than those relied upon by the court's opinion. In regard to the third assignment of error relating to the second trial, the trial court abused its discretion when it admitted Glacie's testimony regarding Defendant's prior acts of domestic violence. In light of the fact that Defendant was found not guilty of felonious assault, the error was harmless.
Pursuant to Crim.R. 52(A), "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Accordingly, "[w]here constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of defendant's guilt." State v. Williams (1983), 6 Ohio St.3d 281, paragraph six of the syllabus.
With regard to the rape conviction, the State presented an abundance of evidence against Defendant, and although the evidence was circumstantial, it was compelling, as discussed above in the court's analysis of Defendant's first and second assignments of error relating to the second trial. "Circumstantial evidence and direct evidence inherently possess the same probative value[.]" State v. Jenks (1991),61 Ohio St.3d 259, paragraph one of the syllabus. Even without the testimony of Glacie regarding Defendant's prior acts of domestic violence, the remaining evidence proves Defendant's guilt beyond a reasonable doubt. Therefore, I would hold error was harmless. Further, since the jury acquitted Defendant of the charge of felonious assault, the error with regard to that charge was also harmless.